WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FREDA STEVENS, | No.  CV 09-0444-TUC-BPV |
| Plaintiff, | |
| vs. | **ORDER** |
| MICHAEL A. ASTRUE, Commissioner of Social Security Administration, | |
| Defendant. | |

On August 13, 2009, Plaintiff initiated this action, seeking review of the denial of his claim for disability benefits under the Social Security Act. The Commissioner filed an Answer and the administrative record. The Plaintiff filed an Opening Brief, which is the standard method used in this district for disposing of social security appeals. The Defendant Commissioner filed a Response. Plaintiff filed a Reply. On December 7, 2010, this Court issued an Order vacating the Commissioner's final decision and remanding Plaintiff's claim for benefits to the Commissioner for an immediate payment of benefits. The Defendant filed a motion to alter or amend the judgment, Plaintiff responded, this Court denied the motion on January 5, 2010.

The Plaintiff now moves for an award of attorney fees, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and asks that the award be paid directly to his attorney, David Anaise, pursuant to an assignment provision in the

attorney-client fee agreement. Plaintiff seeks an attorney's fees award for a "discounted" amount of $15,000 for 116 hours of work.

Freda Stevens (Stevens) seeks an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In order for attorney fees to be awarded under the EAJA, a court must find (a) Plaintiff is an eligible party; (b) Plaintiff is a prevailing party, and; (c) the Commissioner's position was not substantially justified. See 28 U.S.C. §§ 2412

Stevens asserts she is an eligible party because she is below the $2,000,000.00 threshold for an individual. 28 U.S.C. § 2412(d)(2)(B). The Commissioner does not dispute this assertion. See L.R.Civ. 7.2(i) The Court finds Stevens is an eligible party.

Stevens asserts that she is a prevailing party because the magistrate judge awarded her benefits. (cite to record). The Commissioner does not dispute this assertion. See L.R.Civ. 7.2(i).  The Court finds Stevens is the prevailing party.

The Commissioner opposes the motion, asserting that the Commissioner's position was substantially justified.  (Doc. 36, p.2) Alternatively, the Commissioner argues that the Court should reduce the award because the requested compensation for attorney services is excessive. *Id*.

Additionally, the Commissioner objects to the direct payment of the fee award to Plaintiff's attorney.  According to the Commissioner, the Supreme Court has clarified that the EAJA mandates that an EAJA award is payable to the litigant, not his or her attorney, and is subject to offset a pre-existing debt that the litigant owes the Unites States. *See Astrue v. Ratliff*, 560 U.S. ____, 2010 WL 2346547, at *3 (U.S. June 14, 2010).

For the reasons explained below, the Court finds that the Commissioner's position was not substantially justified, but finds that the fee request is not supported by an application for fees and other expenses which states the **states the actual time**

-2-

**expended** by Plaintiff's attorney, and thus the Court will deny Plaintiff's motion for attorney's fees with leave to renew with proper supporting documentation.

**Substantial Justification**

Stevens alleges that the Commissioner's position is not substantially justified as shown by the magistrate's decision to direct benefits in her favor. The government bears the burden of establishing that the commissioner was substantially justified in his position. *Scarborough v. Principi*, 124 S.Ct. 1856, 1865 (2004); Frank S. Bloch, *Bloch on Social Security*, § 6.5 (2003). The Commissioner claims to meet his burden in two ways: (1) Stevens daily activities were inconsistent with her testimony and (2) they put forth expert medical testimony to rebut Stevens' physicians' conclusions.

Whether the government's position is "substantially justified" is a reasonableness analysis of law and fact. *Pierce v. Underwood*, 487 U.S. 552, 553 (1988). The relevant question is whether the government put forth such "evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 565; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir.2002). It is important to note that the mere fact the government's claims were rejected does not preclude the claim as being substantially justified. *Underwood*, 487 U.S. at 566; *United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir.2002).

What Plaintiff argued in his opening brief, what the Commissioner failed to adequately address in either his opposition to Plaintiff's opening brief or in his motion to alter the judgment, and what the Court ultimately found, is that the ALJ gave Dr. Goldberg's opinion controlling weight, and the VE testified, in response to a question posed by the ALJ, that if you took all of the limitations of Dr. Goldberg's opinion into consideration, then Plaintiff could not maintain full time work. (AR 94) The VE explained that this was because of Plaintiff's reaching, handling and fingering limitations. (*Id.*) Eventually, even though the ALJ stated that it was giving Dr. Goldberg's opinion controlling weight, the ALJ adopted a residual functional capacity

that did not take into account Dr. Goldberg's limitations regarding reaching, handling and fingering. Plaintiff had raised this issue in her opening brief. (*See* Doc. 22, p.14.) The Commissioner completely ignored the VE's testimony on this point, and simply argued that despite occasional reaching and handling limitations, Plaintiff was not significantly limited. (*See* Doc. 27) The Commissioner pointed out, rather simplistically, that "occasionally" is defined as up to one-third of the time, and thus, "occasional" limitations could never be significant. The Commissioner cited to Social Security Regulation S.S.R. 85-15, to support the statement that "fingering and feeling is needed to perform most unskilled sedentary jobs, but only certain semiskilled jobs" (*see* Doc. 27, p.21), but misleadingly forgot to mention the take home point of that particular paragraph on reaching, handling, fingering and feeling, which is that "varying degrees of limitations would have different effects, and the assistance of a V[ocational] S[pecialist] may be needed to determine the effects of the limitations." S.S.R. 85-15. The ALJ clearly erred by implicitly rejecting, without stated reason or justification, the reaching, handling and fingering limitations, after stating that controlling weight was given to Dr. Goldberg. Thereafter, the ALJ erred by simply ignoring, or implicitly rejecting the testimony of the Vocational Expert, who testified that this particular Plaintiff, with these particular limitations, could not work full time. Support of such a position by the Commissioner was not reasonable, particularly in light of the Commissioner's own cited regulations, and thus is not substantially justified.  As the Court noted in its previous Order, this error alone was enough to vacate the Commissioner's decision and remand for benefits without further consideration of the ALJ's error in rejecting Dr. Martinez's opinion, or in the ALJ's rejection of Plaintiff's credibility. Accordingly, the Court need not consider whether the Commissioner was substantially justified in any other aspect of its opposition, when it was not substantially justified in its opposition to this stated reason for remand.

**Reasonableness of Fee Request**

The Court having determined that Stevens is an eligible party, a prevailing party, and that the Commissioner's position was not substantially justified, now must decide the reasonableness of the attorney's fees requested.

Stevens's submission of attorney fees include seven hours worked in 2009 at a rate of $172.23 for a total of $1,205.61. (Doc. 35 pg. 2). In 2010, Stevens submits 104.2 hours at a rate of $175.00 hourly fee for a total of $18,241. 25. *Id*. In 2011, Stevens submits 4.8 hours at a rate of $175.06 for a total of $840.29. *Id*. All told Stevens submits 116 hours for a total of $20,287.15 in fees. *Id*. Stevens then subtracts $5287.15 in unexplained discounts for a grand total of $15,000 in attorney fees. *Id*.

The 2009 hours are composed of the following: 1 hour to meet with claimant, 1.50 hours to draft and file complaint and motion for leave to proceed in forma pauperis, 1 hour to file the summonses, .50 hours to serve the summonses, and 2 hours to critically analyze a 14 page ALJ denial. (Doc. 35 pg. 5).

The 2010 hours are composed of the following: 16.4 hours to review 446 pages of administrative and medical records, 2 hours to analyze the transcript of the hearing, 8.4 hours of legal research, 23.50 hours to draft opening brief, 1 hour to draft motion for leave to file excess pages, 19.80 hours to analyze defendant's response brief, 23.50 hours to research defendant citations, 7.1 hours to draft reply to defendant's cross-motion, and 2 hours to review order. *Id*.

The 2011 hours consist of 1 hour to review motions to amend/correct judgment, .50 hours to review order denying motion to amend judgment, 3 hours to review entire file and draft billable time charts for EAJA fee request, and .30 hours to e-mail opposing attorney with letter and this table. *Id*.

Pursuant to the EAJA, "[a] party seeking an award of fees and other expenses shall ... submit to the court an application for fees and other expenses which shows ... the amount sought, including an itemized statement from any attorney or expert

witness representing or appearing in behalf of the party **stating the actual time expended** and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B) (emphasis added).

It is evident from Plaintiff's statistical compilations and the table of attorney time reported in the motion that Plaintiff is not stating the actual time expended by her attorney in litigating this case. The Supreme Court has noted that the starting point for an award of fees is the number of hours reasonably expended times a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.") Plaintiff has made apparent from her calculations that there has been no attempt made to state the actual hours worked by her attorney, neither has she supported the motion with supporting documentation in the form of an itemized, contemporaneous, billing statement.

Plaintiff cannot simply "make up" the number of hours worked based on statistical calculations. Plaintiff has the burden of establishing the reasonableness of her fee request, *see Hensley,* 461 U.S. at 434, and applicants must submit "'contemporaneous time records of hours worked and rates claimed' which sufficiently document the services rendered and prove their reasonableness." *In re Olson*, 884 F.2d 1415, 1428 (D.C. Cir, 1989)(quoting *In re Donavan*, 877 F.2d 922, 994 (D.C. Cir. 1989)). Where documentation is inadequate or represents a recently compiled retrospective estimation of time expended, "the district court would do violence to its judicial obligations were it to accept the amounts claimed at their value." *United Slate, Tile & Composition Roofers v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)(citing *Hensley, supra)*. More to the point:

> [A]ny attorney who hopes to obtain an allowance from the court should keep accurate and current records, or work done and time spent. Lawyers are well aware that ... they are valued principally on the basis

-6-

> of time required. There is *no* excuse for an established law firm to rely on estimates made on the eve of payment and almost entirely unsupported by daily records or for it to expect a court to do so.

*Id.* (*emphasis in the original*)(quoting *In re Hudson & Manhattan R.R. Co.*, 339 F.2d 114, 115 (2d Cir. 1964).

Plaintiff's shortcomings in this case are particularly egregious because, according to this Court's calculations, Plaintiff's attorney has claimed close to 7 hours of research spent for research actually conducted by this Court. Counsel's legal research and citations for which Plaintiff bills 8.4 hours (with the exception of his arguments regarding fibromyalgia and chronic fatigue syndrome (3 legal citations out of the 26 @ 3.1 citations/hr he refers to in his fee request), were copied, verbatim, from this Court's Report and Recommendation in *Clarke v. Astrue,* CV 08-604-TUC-DCB (BPV). With the exception mentioned above, either Plaintiff's arguments in her opening brief were unsupported with no legal argument, or the legal argument, **word for word**, was taken from **this Court's** Report and Recommendation. Aside from being evidently not a record of actual time expended by her attorney litigating this case, it is unacceptable for Plaintiff's attorney to bill for work he did not in fact perform.

Accordingly,

IT IS ORDERED Plaintiff's Motion for Award of Attorney's Fees Pursuant to EAJA (Doc. 35) is DENIED.

IT IS FURTHER ORDERED Plaintiff may renew his motion for attorney's fees within fourteen (14) days. Such motion must be supported by contemporaneous, supporting documentation as to the actual time expended in this case, submitted, and signed under oath.

DATED this 17th day of June, 2011.

Bernardo P. Velasco
United States Magistrate Judge